IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VENGAI CHIKONYERA, | : | CIVIL ACTION NO. **3:CV-05-2061** |
| Petitioner | : | (Judge Conaboy) |
| v. | : | (Magistrate Judge Blewitt) |
| U.S. ATTORNEY GENERAL, et al., | : | |
| Respondents | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

Petitioner, an inmate at the York County Prison ("YCP"), Pennsylvania, filed a Habeas Corpus Petition, *pro se*, on October 11, 2005, pursuant to 28 U.S.C. § 2241. **(Doc. 1)**.[1] The Petitioner challenges his continued detention by BICE and seeks a bond hearing and a custody review, as well as his immediate release from custody. (*See* Doc. 1, p. 1, p. 5). The Petitioner also filed an application for leave to proceed *in forma pauperis*. (Doc. 2). Petitioner filed a Motion to Lift Stay of Removal. **(Doc. 3)**. Petitioner requests the lifting of the stay of removal which the District Court granted in his prior habeas case until his case was remanded to the BIA. Petitioner states that the BIA has not taken any action on his case, and he seeks this Court to now lift the stay previously imposed so that he can be removed to his country of origin.

The Court granted Petitioner's *in forma pauperis* request and then directed Respondents to respond to the Petition. On November 3, 2005, the Respondents filed their Response and Exhibits

---

[1] Petitioner had a previous Habeas Petition filed with this Court, Civil No. 04-2193, M.D. Pa., which challenged, in part, his removal order.

(Doc. 9). Respondents requested that the Petition be dismissed as moot, since it challenged Petitioner's continued detention by BICE and it requested that Petitioner receive a custody review and bond hearing, and Petitioner has now received a bond hearing. Petitioner filed a Traverse on November 10, 2005, in which he concedes that after the filing of the instant Habeas Petition, he received a bail hearing. Petitioner also concedes that the Immigration Judge ("IJ") ordered his release upon his posting of a bond in the amount of $1,500. (Doc. 10). However, Petitioner claims that his Habeas Petition is not moot since he is still in the custody of BICE and since he has requested a bail hearing or release on his own recognizance. (*Id.*, p. 2). Thus, Petitioner now asks this Court to order his release on his own recognizance instead of requiring him to post the $1500 bond, as the IJ ordered.

Indeed, it is undisputed that, after the filing of Petitioner's Habeas Petition, Petitioner received a bond hearing by an IJ on October 27, 2005. (Doc. 9, Ex. 1). The question now arises as to whether Petitioner's bond hearing, which he requested in his Habeas Petition, renders moot his Petition. We agree with Respondents that this Habeas Petition is now moot. We also find that this Court should grant Petitioner's Motion to Lift the Stay of his deportation.

In his Habeas Petition, the Petitioner contends that he being detained by BICE but that he was entitled to a bond hearing to determine whether he was a flight risk or danger to the community if he were released pending his removal from the United States. (Doc. 1,p. 2). Petitioner claimed that detaining him without a bail hearing was unconstitutional. (*Id.*). Petitioner stated that he should be given a custody determination, and through his exhibits attached to his Petition, showed that he made motion for a custody determination. (*Id.*, p. 3 & Doc. 1, Ex. 3).

2

Petitioner claimed that he was being unlawfully detained by BICE[2] and that his continued detention without a custody hearing violated his due process rights. (*Id.*).

As stated, Respondents have now shown, in their Response to the Habeas Petition, that Petitioner received a bond hearing before an IJ on October 27, 2005. The IJ ordered that Petitioner's request for a change in his custody be granted and that Petitioner be released from custody under bond of $1500. (Doc. 9, Ex. 1). Thus, Petitioner is no longer at YCP without being granted a bail hearing. Petitioner does not claim any due process violation with respect to the October 27, 2005 bond hearing he received. However, Petitioner challenges the IJ Order that states he is to be released on bond instead of his own recognizance. Petitioner states that, due to his two (2) years of incarceration, he is not able to produce the bond money. (Doc 10, p. 2). In his Traverse, Petitioner does not challenge the reasons upon which the IJ set his bond at $1500. Rather, he simply requests this Court to grant him release on his own recognizance.[3]

We agree with Respondents that Petitioner's present Habeas Petition is now moot since he has been given a custody hearing and his release has been ordered pending his posting of $1500 bond. Thus, Petitioner has been ordered released from BICE custody on October 27, 2005 pursuant to an Order of the IJ with respect to custody. (Doc. 9, Ex. 1). Respondents thus contend in their Response that Petitioner is no longer being held in custody without being given a custody

---

[2] Petitioner was an inmate at York County Prison when he filed his habeas petition and thus, this Court had jurisdiction over his Petition. (Doc. 1, p. 5). *See Rumsfeld v. Papilla*, 124 S. Ct. 2711, 2718, 2722 (2004) (habeas jurisdiction rests in the district of confinement).

[3] The basis of Petitioner's removal order, as we stated in our prior Report and Recommendation, was that he was an aggravated felon. Petitioner contested his removability based on this ground, arguing he was not an aggravated felon.

3

review, as he claimed in his Habeas Petition. Respondents state that since Petitioner has been given the relief he requested, his Habeas Petition is moot.

As mentioned, on November 3, 2005, the Respondents filed their Response with an Exhibit (Doc. 9). Respondents request that the Petition be dismissed as moot, since it challenged Petitioner's continued detention by BICE without being given a custody review, and Petitioner was given a custody review and was ordered released upon posting of a $1500 bond. Thus, Petitioner will no longer be incarcerated once he posts the bond due to his release pursuant to the IJ's October 27, 2005 Order. A review of the instant Petition reveals that Petitioner challenged the fact that he was being detained without being given a custody review for his release pending his deportation. Thus, Petitioner challenged his continued detention by BICE without being given a custody review or bail hearing, and sought this Court to order his immediate custody review. (*See* Doc. 1).

**II. Discussion.**

A Response and request for dismissal based on mootness was filed by Respondents on November 3, 2005. (Doc. 9). Also submitted was an Exhibit in support of the Response, which demonstrates that Petitioner was in fact given a bail hearing, and he was ordered released by an IJ from BICE custody on October 27, 2005. (Doc. 9, Ex. 1). The Respondents have demonstrated that on October 27, 2005, Petitioner was given his custody review, and he was ordered to be released upon posting a $1500 bond pursuant to the IJ's Order. (Doc. 9, Ex. 1). As stated, Petitioner is now claiming that he should have been ordered released on his own recognizance and not made to post a $1500 bond. (Doc. 10). Petitioner has admittedly been given a custody review,

and he was ordered released from BICE custody after he posted the stated bond pursuant to an Order entered on October 27, 2005. (Doc. 9, Ex. 1). Respondents essentially state that since Petitioner has only challenged his detention without being given a bail hearing, and he is no longer being detained without having received his hearing, the Petition is now moot and should be dismissed as such. As stated, Petitioner filed a Traverse to Respondents' Response in which he contends that this Court should overrule the IJ's Order, and order that he be released on his own recognizance. We agree with Respondents that the present Petition is moot.

Since Petitioner has now been ordered released from BICE custody upon posting of a $1500 bond on October 27, 2005, we find that the present Habeas Corpus Petition is moot and should be dismissed. (Doc.9). Further, we do not believe that this Court should second guess the decision of the IJ that a $1500 bond should be posted before Petitioner is released from custody, since we have insufficient information before us to decide if Petitioner is a threat to the community or a flight risk. Further, these issues were not the claims of Petitioner's Habeas Petition before us.

In *Spencer v. Kemna*, 523 U.S. 1 (1998), the Supreme Court found that a petitioner's release in and of itself did not render moot his habeas petition. Rather, the Court stated that "[t]he more substantial question ... is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." *Id*. at 7. In the present case, Petitioner sought habeas relief, claiming that BICE violated his due process rights by detaining him without giving him a custody review. The question arises now as to whether Petitioner's claim is moot since he is no longer being detained without being given a custody review, and his release has been ordered upon posting of $1500 bond. In *Spencer*, the Court

stated that "[t]he parties must continue to have a personal stake in the outcome of the lawsuit. This means that, throughout the litigation, the Plaintiff must have suffered, or be threatened with, an actual injury traceable to the Defendant and likely to be redressed by a favorable judicial decision." *Id*. (Citations omitted). While Petitioner is still currently being detained, he was found to be a suitable alien for release from custody upon posting of the bond. Petitioner himself is now able to secure his own release from custody, as Respondents state. Once he is released upon posting the bond, his release cannot be simply revoked at any time and for any reason. Rather, Petitioner will be under conditions of release contained in an Order of Supervision.

Accordingly, we find that Petitioner's October 27, 2005 custody review, in which his release from federal custody was ordered, truly constitutes an end to his detention without being given a custody review. Petitioner requested this Court to order Respondents to give him a custody review, and he has been given one. Petitioner is no longer threatened with any actual injury traceable to the Respondents and likely to be redressed by a favorable decision by this Court. Thus, there is no longer any case or controversy presented by Petitioner's Habeas Corpus Petition. We therefore conclude that Petitioner's Habeas Corpus Petition should be dismissed as moot as Respondents request. *See Cox v. McCarthy*, 829 F.2d 800, 802-03 (9th Cir.1987) (A petition for habeas corpus becomes moot when a prisoner is released on parole before the court addresses the merits where being paroled leaves no relief possible).

Moreover, in his Traverse to his Habeas Petition, the Petitioner requested that he be ordered by this Court to be released from BICE custody on his own recognizance. (Doc. 10). Regardless, the fact remains that Petitioner has been afforded the relief he requested in his Habeas Petition, and

6

he has been ordered released from custody.  Simply because Petitioner now claims that his release should have been ordered without any bond requirement does not make his Habeas Petition still viable.  Petitioner now controls his release from custody, and he can obtain it by complying with the IJ's order.  We find that he will not still suffer from an actual injury from the Respondents now that he has been ordered released from federal custody, and that there is no longer a case or controversy presented.  Additionally, the Petitioner's claims are moot since he is no longer being detained by BICE without being given a custody review, and there are no longer any collateral consequences as a result of the IJ's Order to release him from BICE's detention once he posts bond.

In the Third Circuit case of *Chong v. INS*, 264 F. 3d 378 (3d Cir. 2001), the court dealt with the issue as to whether an alien's § 2241 habeas petition was moot when she was no longer in INS custody and deported from the United States.  The court found sufficient collateral consequences flowed from the alien's appeal of the BIA's order of removal, since the removal order prevented the alien as an aggravated felon from reentering the United States for ten (10) years.  *Id*. at 384-86.  Thus, if the BIA's decision were reversed by the court in *Chong,* the Attorney General could exercise his discretion to grant withholding of removal and allow the alien to reenter the United States.  *Id*. at 386.  In *Chong*, the court also discussed the four (4) exceptions to the mootness doctrine, which allow judicial review.  These exceptions are:

> (1) secondary or "collateral" injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*Id*. at 384. (citation omitted).

We find that, based upon *Chong*, Petitioner's Habeas Petition is moot regarding his attack on his continued detention without being given a custody review. Because the Petitioner's habeas corpus claim is now moot, we shall recommend that the Petitioner's Habeas Petition be dismissed. We shall also recommend that Petitioner's Motion to Lift the Stay of Removal (Doc. 3) be granted.

**III. Recommendation**.

Based on the foregoing, it is respectfully recommended that Petitioner's Petition for Writ of Habeas Corpus **(Doc. 1)** be dismissed as moot. We also recommend that Petitioner's Motion to Lift the Stay of Removal **(Doc. 3)** be granted.

>                    **s/ Thomas M. Blewitt**
>                    **THOMAS M. BLEWITT**
>                    **United States Magistrate Judge**

**Dated: June 28, 2006**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VENGAI CHIKONYERA, | : | CIVIL ACTION NO. **3:CV-05-2061** |
| | : | |
| Petitioner | : | (Judge Conaboy) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| U.S. ATTORNEY GENERAL, et al., | : | |
| | : | |
| | : | |
| Respondents | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

Report and Recommendation dated **June 28, 2006.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within ten (10)
days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections.  The briefing
requirements set forth in Local Rule 72.2 shall apply.  A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge.  The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                            **s/ Thomas M. Blewitt**
                                            **THOMAS M. BLEWITT**
                                            **United States Magistrate Judge**

**Dated: June 28, 2006**